**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**


| | | |
|---|---|---|
| LONG CORNER CONSUMER, ELECTRONICS LLC | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CASE NO. 2:13-cv-998 (LEAD CASE) |
| | § § | |
| ACER AMERICA CORP., *et al.* | § § | |
| *Defendants*. | § § | |


**<u>PROTECTIVE ORDER</u>**

Before the Court is the Opposed Motion for Entry of Protective Order (Dkt. No. 76).

Plaintiff Long Corner Consumer Electronics LLC ("Plaintiff" or "Long Corner") and Defendants

("Defendants"), hereafter referred to as ("the Parties"), believe that certain information that is or

will be encompassed by discovery demands by the Parties involves the production or disclosure

of trade secrets, confidential business information, or other proprietary information.  The Parties

therefore seek a protective order limiting disclosure thereof in accordance with Federal Rule of

Civil Procedure 26(c).  The Court has resolved the various disputes between the Parties with

regard to entry of this Protective Order and therefore ORDERS that:

1.    Each Party may designate as confidential for protection under this Order, in

whole or in part, any document, information or material that constitutes or includes, in whole or

in part, confidential or proprietary information or trade secrets of the Party or a Third Party to

whom the Party reasonably believes it owes an obligation of confidentiality with respect to such

document, information or material ("Protected Material").  Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such document,

information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be

placed clearly on each page of the Protected Material (except deposition and hearing transcripts)

for which such protection is sought.  For deposition and hearing transcripts, the word

"CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on

the cover page of the transcript when received from the court reporter) by each attorney

receiving a copy of the transcript after that attorney receives notice of the designation of some or

all of that transcript as "CONFIDENTIAL."

       2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance

of this Order with the designation "Confidential" or "Confidential—Outside Attorneys' Eyes

Only" shall receive the same treatment as if designated "RESTRICTED—ATTORNEYS' EYES

ONLY" under this Order, unless and until such document is redesignated to have a different

classification under this Order.

       3.      With respect  to documents, information  or material designated

"CONFIDENTIAL, "RESTRICTED—ATTORNEYS' EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL")[1], subject to the

provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all

documents, electronically stored information, and/or things as defined by the Federal Rules of

Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

---

[1]  The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to

pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions,

extracts, digests and complete or partial summaries prepared from any DESIGNATED

MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under

this Order.

4.       A designation of Protected Material (*i.e.*, "CONFIDENTIAL,"

"RESTRICTED—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of

documents, information or material that has not been designated as DESIGNATED MATERIAL

shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party

that inadvertently or unintentionally produces Protected Material without designating it as

DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the

recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the

inadvertent or unintentional disclosure, and providing replacement Protected Material that is

properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or

unintentionally produced Protected Materials and any documents, information or material

derived from or based thereon.

5.       Protected Material must be stored and maintained by a receiving party in a

secure manner that ensures that access is limited to the persons authorized under this Order.  To

the extent any Party anticipates that it will be required to produce materials that are subject to US

Export Administration Regulations (Title 15 of the Code of Federal Regulations, Parts 730

through 774), such Party will identify to the receiving party the types of documents that it

believes are subject to such Regulations, and the Parties will negotiate provisions for a

Supplemental Protective Order, if protections are needed beyond those already imposed by this

Protective Order, to cover such materials.

   6.  "CONFIDENTIAL" documents, information and material may be disclosed only

to the following persons, except upon receipt of the prior written consent of the designating

party, upon order of the Court, or as set forth in paragraph 15 herein:

   a.  outside counsel of record in this Action for the Parties;

   b.  employees of such counsel, and contract attorneys and contract paralegals located in the United States and working under the direction and supervision of such outside counsel, who are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   c.  in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   d.  up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

   e.  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Appendix A hereto; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in this paragraph.  At least ten (10) days before access to Protected Material is given, the retaining Party shall serve upon the Producing Party notice of intent to disclose Protected Material to the expert or consultant including: i) a current

curriculum vitae of the consultant or expert; ii) the present employer and title of the consultant or expert; iii) an identification of all of the consultant's or expert's past and current employment and consulting relationships within the ten (10) years prior to the date of such disclosure, except to the extent the consultant or expert is under a contractual obligation not to disclose the identity of a particular party with whom he or she has consulted, in which case the consultant or expert need only provide as much information as can be revealed without breaching the contractual obligation; iv) a list of all cases in which the consultant or expert has testified at deposition or trial within the last five (5) years.  The producing party shall have ten (10) days to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The Party seeking disclosure shall have five (5) days to file its response to the motion, the objecting Party shall have two (2) days to file its reply, and the Party seeking disclosure shall have two (2) days to file its sur-reply (and the "three extra days" of Local Rule CV-6 do not apply to any of the timeframes in this sentence). The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

f.      independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

g.      the Court and its personnel.

7.      A Party shall designate documents, information or material as

"CONFIDENTIAL" only upon a good faith belief that the documents, information or material

contains confidential or proprietary information or trade secrets of the Party or a Third Party to

whom the Party reasonably believes it owes an obligation of confidentiality with respect to such

documents, information or material.

8.      Documents, information or material produced pursuant to any discovery request

in this Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.     To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation or the Producing Party reasonably believes that the disclosure of such Protected Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party, the Producing Party may designate such Protected Material "RESTRICTED— ATTORNEYS' EYES ONLY."  To the extent such Protected Material includes computer source code and listings and descriptions of code files ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10.     For Protected Material designated RESTRICTED—ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a–b) and (e–g).

11.     In addition, a Party may disclose arguments and materials derived from Protected Material designated as CONFIDENTIAL or RESTRICTED—ATTORNEYS' EYES ONLY to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A

Party may not disclose to mock jurors any original, as-produced materials or information

(including, for example, documents, deposition testimony, or interrogatory responses) produced

by another Party designated as CONFIDENTIAL or RESTRICTED—ATTORNEYS' EYES

ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE.

      12.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE

CODE, the following additional restrictions apply:

a.     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet).  The stand-alone computer(s) shall be connected to (i) a printer, and (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 12(l and o) below.  Additionally, except as provided in paragraph 12(k) below, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel, or any other location mutually agreed by the Parties.

b.     Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide five (5) days' notice of the Source Code Material that it wishes to inspect.  The Receiving Party shall provide two (2) days' notice prior to any additional inspections.

c.     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel or other mutually agreeable location shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

d.     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

e.      The Producing Party will produce Source Code Material in its native file format and in a computer searchable format on the stand-alone computer(s) as described above.

f.      Access to Protected Material designated RESTRICTED CONFIDENTIAL—SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(e) above.  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

g.      The Producing Party shall install tools on the stand-alone computer(s) sufficient for viewing and searching the produced Source Code Material.  This includes tools requested by the Requesting Party, if such tools exist and are used in the ordinary course of the Producing Party's business or are otherwise reasonably available to the Producing Party.  The Receiving Party's outside counsel, consultants, and/or experts may request that other specific software tools for viewing, searching, and/or analyzing the produced Source Code Material be installed on the stand-alone computer(s) provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) the requested software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code Material.  The Receiving Party will use its best efforts to provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least three (3) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the stand-alone computer.

h.      The Receiving Party's outside counsel, consultants, and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code Material, except as expressly set forth in this Protective Order, and may not take such notes electronically on the stand-alone computer itself or any other computer.  No other computer or recording device is permitted in the Source Code Review Room.

---

[2]  For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

i.      The Producing Party may visually monitor the activities of the Receiving Party's representative during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

j.      To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and  treated as RESTRICTED CONFIDENTIAL SOURCE CODE.

k.      No electronic copies of Source Code  Material shall be made without prior written consent of the Producing Party, except  as necessary to create documents which, pursuant to the Court's rules, procedures  and order, must be filed or served electronically.

l.      The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied.  The Receiving Party may print limited portions of the Source Code Material only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  The Receiving Party shall not print Source Code Material in order to review blocks of Source Code elsewhere in the first instance (i.e., as an alternative to reviewing that Source Code electronically on the stand-alone computer(s)).  Upon printing any such portions of Source Code Material, the printed pages shall be collected by the Producing Party and/or provided to the Producing Party by the Receiving Party for review.  Within five (5) calendar days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  The Producing Party shall be prohibited from using, directly or indirectly, any information gleaned from its review of the printed pages of Source Code Material other than for the purpose of evaluating whether the printed portions are excessive or not done for a permitted purpose. Printing more than fifty (50) consecutive pages of any single Producing Party's Source Code Material will be presumed to be excessive.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code Material in question is reasonably tailored and was printed for a permitted purpose.  The burden shall be on the Producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose and/or merely printed for the purposes of review and

analysis elsewhere.  The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action.

m.      Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such.

n.      If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g*., a hotel prior to a Court proceeding or deposition).  All persons who will review a Producing Party's Source Code Material on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least two (2) days in advance of the first time that such person reviews such Source Code Material.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code Material shall sign, on each day they view Source Code Material, a log that will include the names of persons who entered the locked area to view the Source Code Material, along with when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon two (2) day's advance notice to the Receiving Party.

o.      A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 12(f) above to another person authorized under paragraph 12(f) above, on paper or removable electronic media (*e.g*., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

13.      Any attorney representing a Plaintiff, whether in-house or outside counsel, and

any person associated with a Plaintiff and permitted to receive any of the Defendants' Protected

10

Material that is designated RESTRICTED—ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, any of the Defendants' HIGHLY SENSITIVE MATERIAL under this Order shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of any apparatus or method for user input on or the manipulation of the graphical user interface of a computing device (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of any apparatus or method for user input on or the manipulation of the graphical user interface of a computing device.  To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  This prohibition does not preclude counsel for Plaintiff from participating in reexamination or other post-grant proceedings challenging the validity of a patent.  This paragraph does not apply to outside consultants and experts set forth in paragraph 6(e).  These prohibitions shall begin when access to HIGHLY SENSITIVE MATERIAL is first

received by the affected individual, and shall end one (1) year after the final resolution of this

action, including all appeals.

14.     No Defendant is required to produce its Protected Material to any other

Defendant or Defendants, but nothing in this Order shall preclude such production.

Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one

Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral

argument in Court, expert reports, deposition, discovery requests, discovery responses, or any

other means, without the express prior written consent of the Defendant that produced the

Protected Material; however, this provision does not relieve any Defendant of its burden with

respect to closing the courtroom and/or sealing or redacting transcripts for trial or any other court

proceeding.

15.     Nothing in this Order shall require production of documents, information or

other material that a Party contends is protected from disclosure by the attorney-client privilege,

the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information

or other material subject to a claim of attorney-client privilege, work product doctrine, or other

privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production

shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such

privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces

documents, information or other material it reasonably believes are protected under the attorney-

client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the

return of such documents, information or other material by promptly notifying the recipient(s)

and providing a privilege log for the inadvertently or unintentionally produced documents,

information or other material.  The recipient(s) shall gather and return all copies of such

documents, information or other material to the Producing Party, except for any pages containing

privileged or otherwise protected markings by the recipient(s), which pages shall instead be

destroyed and certified as such to the Producing Party.

16.     There shall be no disclosure of any DESIGNATED MATERIAL by any person

authorized to have access thereto to any person who is not authorized for such access under this

Order.  The Parties are hereby ORDERED to safeguard all such documents, information and

material to protect against disclosure to any unauthorized persons or entities.

17.     Nothing contained herein shall be construed to prejudice any Party's right to use

any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that

the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have

access to the DESIGNATED MATERIAL by virtue of his or her employment with the

designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or

copy recipient of such information, (iii) although not identified as an author, addressee, or copy

recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such

DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the

Producing Party or a current or former officer, director or employee of a company affiliated with

the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel

(subject to paragraph 10 of this Order); (vi) an independent contractor, consultant, and/or expert

retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court;

or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.

DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

18.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED—ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL."

19.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

21.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

23.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED—ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by

such Third Parties.  The Third Parties shall have ten (10) days after production of such

documents, information or other materials to make such a designation.  Until that time period

lapses or until such a designation has been made, whichever occurs sooner, all documents,

information or other material so produced or given shall be treated as "CONFIDENTIAL" in

accordance with this Order.

26. Within thirty (30) days of final termination of this Action, including any appeals,

all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries,

descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into

any privileged memoranda of the Parties and materials which have been admitted into evidence

in this Action), shall at the Producing Party's election either be returned to the Producing Party

or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished

to the Producing Party, upon the Producing Party's request.

26. Notwithstanding paragraph 25, outside counsel of record and in-house counsel

shall be entitled at the termination of this case, including all appeals, to maintain copies of all

pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits

thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts

(and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and

any work- product containing Protected Material, provided however that any Protected Material

contained in any such documents retained by outside counsel or in-house counsel shall remain

subject to the protections of this Order.

27. The failure to designate documents, information or material in accordance with

this Order and the failure to object to a designation at a given time shall not preclude the filing of

a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.     In the event of a disclosure of any DESIGNATED MATERIAL pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose DESIGNATED MATERIAL has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed DESIGNATED MATERIAL and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of DESIGNATED MATERIAL or waive the right to hold the disclosed document or information as Protected.

29.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

30. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

31. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

33. The Parties agree that the following materials shall not be subject to discovery in this litigation: (a) draft expert reports; (b) notes, outlines, and any other materials used to prepare any draft expert report; (c) communications and conversations between counsel and testifying or consulting experts, unless such conversations or communications are relied upon as a basis for any opinions provided in an expert report or expert testimony; (d) information, analyses, opinions, or other materials from any outside consultant or expert, unless such information, analyses, opinions, or other materials are relied upon as a basis for any opinions provided in an expert report or expert testimony. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product privileged but need not be logged on a privilege log.

34.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

It is so ORDERED.

SIGNED this 5th day of June, 2014.


_____

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE